UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| GEORGE FERGUSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 13 C 4084 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| CITY OF CHICAGO, a municipal corporation, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

George Ferguson, an employee on medical leave of absence from the City of Chicago's (the "City") Department of Fleet and Facility Management ("2FM"), brings this suit alleging failure to accommodate in his job as a watchman for 2FM because of his muscular dystrophy in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.* Before trial, the City moves to bar the testimony of Thomas Grzesik, the rehabilitation counselor retained by Ferguson as an opinion witness [123]. Ferguson has not shown that Grzesik provides any reliable methodology for his opinions. Additionally, the Court finds that Grzesik's opinions are legal conclusions that would not assist the jury. Therefore, the Court bars the testimony of Grzesik at trial.

## ANALYSIS

The City asks the Court to bar Grzesik's testimony, arguing that he fails to disclose any analysis or methodology regarding how he reached his opinions and that his opinions are improper legal conclusions. Ferguson opposes the motion, arguing that Grzesik is qualified as a vocational counselor,[1] his opinions do not need scientific principles because the ADA does not

---

[1] The City does not quarrel with Grzesik's qualifications, focusing on the reliability of his methodology and the utility of his opinions for the jury; therefore, the Court does not review Grzesik's qualifications to determine the

require scientific formulations, Grzesik can help the jury, and Grzesik's opinions were not barred at summary judgment so they cannot be barred now.

The admissibility of expert opinion testimony is governed by Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). *See Bielskis v. Louisville Ladder, Inc.*, 663 F.3d 887, 893 (7th Cir.2011). Rule 702 provides that a witness qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of opinion or otherwise provided that "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. To admit expert testimony under this rule, the Court must determine that (1) the witness is qualified, (2) the expert's methodology is reliable, and (3) the testimony will assist the trier of fact to understand the evidence or to determine a fact in issue. *Myers v. Ill. Cent. R.R. Co.*, 629 F.3d 639, 644 (7th Cir. 2010). The Rule 702 inquiry "is a flexible one," however. *Daubert*, 509 U.S. at 594. "Determinations on admissibility should not supplant the adversarial process; 'shaky' expert testimony may be admissible, assailable by its opponents through cross-examination." *Gayton v. McCoy*, 593 F.3d 610, 616 (7th Cir. 2010). The proponent of the testimony bears the burden of proving that the proffered testimony meets these requirements, and the Seventh Circuit grants the district court "wide latitude in performing its gate-keeping function." *Bielskis*, 663 F.3d at 894.

---

admissibility of his testimony. *See United States v. Moore*, 521 F.3d 681, 685 (7th Cir. 2008) ("A judge is not obliged to look into the questions posed by Rule 702 when neither side either requests or assists.").

A. **Grzesik's Methodology**

The City first argues that Grzesik's opinions are not reliable because he applies no analysis or methodology to reach his conclusions. To determine if Grzesik's proposed testimony is reliable under Rule 702, i.e. "based on sufficient facts or data, use[s] reliable principles and methods, and reliably apply the principles and methods to the facts of the case," among other things, the Court considers "whether or not the theory or technique has been (1) tested, (2) subjected to peer review and publication, (3) analyzed for known or potential error rate, and/or is (4) generally accepted within the specific scientific field." *Lapsley v. Xtek, Inc.*, 689 F.3d 802, 810 (7th Cir. 2012) (citations omitted) (internal quotation marks omitted).

The City argues there is no description of the techniques and theories that Grzesik applied to connect the data that he reviewed to his opinions. Ferguson counters in one sentence that Grzesik "bases his opinion on . . . reliable 'principles or methods.'" Doc. 128 at 3. Ferguson also argues that Grzesik's February 1, 2016 supplemental report establishes that scientific principles are not needed for Grzesik's analysis because the ADA was meant for practical use and "'application of the ADA in an employment setting does not require . . . a scientific formulation.'" *Id.* at 2–3 (quoting Doc. 123-1 at 31–32 (2/1/16 Grzesik Report at 2–3)).

"An expert must offer good reason to think that his approach produces an accurate estimate using professional methods, and this estimate must be testable. Someone else using the same data and methods must be able to replicate the result." *Zenith Elecs. Corp. v. WH-TV Broad. Corp.*, 395 F.3d 416, 419 (7th Cir. 2005). Ferguson has not pointed out a single instance where Grzesik identifies the methodology he used for conducting a vocational analysis to reach his opinions.

Grzesik states in his initial June 16, 2014 report that he interviewed Ferguson and gathered Ferguson's version of events and reviewed data on Ferguson's interactions with the City, including Dr. Akhtar Parvaiz's June and September 2013 communications to the City, the City's job description for Ferguson's watchman job, the U.S. Department of Labor's physical demand standards, and the City's reasonable accommodation procedures.[2] But Grzesik just pastes the entirety of this data and standards into his initial report without connecting what he reviewed to what he opines. Presumably, he applied the standards detailed in the Department of Labor's physical standards, the watchman job description, or the City's reasonable accommodation procedures to the data he reviewed, but the report is absent of any such description. Moreover, Ferguson has not shown that Grzesik's initial report connects the collected and reviewed data to the ultimate conclusions. And Ferguson's bare reliance on Grzesik's stated expertise as a vocational rehabilitation consultant cannot make up for the lack of analysis. *See Naeem v. McKesson Drug Co.*, 444 F.3d 593, 608 (7th Cir. 2006) (opinion testimony was not tied to specific data or rules and appeared to be based merely on general observations and thus was unreliable and should have been excluded).

In Grzesik's supplemental report, which was produced in response to the City's prior challenges to the reliability of his opinions, Grzesik claims that his methods are reliable and do not require a scientific formulation. But Rule 702 requires reliable professional methodology, regardless of whether Grzesik wants to paint it as "scientific, technical, or other." Fed. R. Evid. 702. Grzesik states that rehabilitation counselors have studied and discussed application of the ADA's guidelines; that he teaches rehabilitation counseling, citing a long list of texts he uses; and that the U.S. Department of Labor has a Job Accommodation Network that rehabilitation counselors use to implement the guidelines set forth in the ADA. But Grzesik still has not

---

[2] The City does not challenge the reliability of the data and reports that Grzesik reviewed.

identified the rules or tests he applied to the data he reviewed. Merely mentioning options is not enough to establish the reliability of his opinions in this particular case; Grzesik needed to tie these opinions to the analysis he conducted here, which he did not do. *Cf. Hale v. Gannon*, No. 1:11-CV-277-WTL-DKL, 2012 WL 3866864, at *4–5 (S.D. Ind. Sept. 5, 2012) (opinion was scientifically reliable where witness testified about the methodology used for conducting a vocational analysis—including training on the methodology, the way rehabilitation counselors compose an assessment, and the type and nature of the assessment produced—and then detailed her method of analysis to reach opinions). Grzesik's supplemental report only bolsters his credentials as an expert rather than the substance of his analysis,[3] and his opinions continue to rest on his own expertise, which alone does not qualify him to provide opinions regarding Ferguson's disabilities and the reasonableness of his requested accommodations under Rule 702. *See Zenith Elecs. Corp.*, 395 F.3d at 419–20 (a district court does not need to admit "opinion evidence that is connected to existing data only by the *ipse dixit* of the expert," collecting cases).

Therefore, the Court finds that Ferguson has not established that Grzesik's testimony is reliable; thus, the Court excludes Grzesik's testimony for this reason.

**B.    Grzesik's Assistance to the Trier of Fact**

Even if Grzesik's testimony was reliable, the City also challenges whether Grzesik's opinions would assist the jury, arguing that they usurp the jury's role by providing only legal conclusions.

Grzesik provides six short opinions in his initial report, which he reaffirms in his supplemental report:

---

[3] The Court notes that Grzesik created the supplemental report in response to the City's December 29, 2015 motion to bar Grzesik's testimony, in which the City argued that Grzesik had not disclosed any methodology for reaching his opinions. *See* Doc. 104 at 8–10. The supplemental report notes the challenge but still fails to tie any methodology to Grzesik's opinions.

1) "Mr. Ferguson meets the definition of disability and the definition of physical impairment as set forth in [the City's reasonable accommodation procedures]."

2) "During his 19 years of employment, Mr. Ferguson demonstrated the ability to perform all the essential and non-essential job functions assigned to him as a Watchman. Mr. Ferguson needed an accommodation far two days (Sat. and Sun.) in regards to using a vehicle.

3) "Mr. Ferguson requested a reasonable accommodation that would include the use of an appropriate vehicle. He was never provided with a reasonable accommodation.

4) "It is my opinion as a Certified Rehabilitation Counselor that Mr. Ferguson performed the essential and non-essential components of his job as a Watchman. Past practices of utilizing his own vehicle or vehicles with easy in-and-out access allowed him to perform all of his work duties. It is my opinion that Mr. Ferguson would be able to continue performing his work duties, if he were allowed to use his personal vehicle or if he was provided with the appropriate type of vehicle that he was assigned in the past. There is no indication that such an accommodation would cause an undue burden to the employer (City of Chicago)."

5) "It appears that the City of Chicago failed to provide Mr. Ferguson with reasonable accommodations."

6) "I agrees with Dr. Parvaiz' [sic] assessment that Mr. Ferguson can perform the job of Watchman with the City of Chicago."

Doc. 131-1 at 16 (6/16/14 Grzesik Report at 15–16).

Opinion testimony about legal conclusions that will determine the outcome of a case is inadmissible. *Good Shepherd Manor Found. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003). Experts simply "cannot testify about legal issues on which the judge will instruct the jury." *United States v. Sinclair,* 74 F.3d 753, 757 n.1 (7th Cir. 1996). The jury will determine (a) whether Ferguson was disabled, (b) whether he was qualified to perform the watchman job, (c) whether he requested an accommodation, (d) whether the City was aware Ferguson was

disabled at the time of his request, and (e) whether Ferguson's requested accommodation posed an undue hardship on the City. *See* 7th Cir. Pattern Jury Instruction 4.03 ("Elements of Plaintiff's Claim – Reasonable Accommodation Cases"). Grzesik's truncated, conclusory opinions directly address these jury issues. They provide no context or detail other than answers that could be plugged directly into the jury's instructions.

Ferguson argues that there is no danger that Grzesik will mislead the jury. But "allowing a witness to testify as to a legal conclusion may cause the jury to accord too much weight to that testimony, and may infer that the jury should look to that witness for legal guidance." *Naeem*, 444 F.3d at 610. Grzesik has offered no opinions about Ferguson's abilities; instead he opines that based on the same facts the jury will hear, Ferguson was disabled and requested a reasonable accommodation. This could unduly influence or confuse the jury. For example, if Grzesik testified that Ferguson was disabled as defined by the City's reasonable accommodation procedures, the jury could very likely decide on that statement alone that Ferguson was disabled under the ADA and that the City knew Ferguson was disabled at the time he requested an accommodation, answering two jury questions by relying solely on Grzesik's opinion. Or if Grzesik testified that a low-profile vehicle would not be an undue hardship to the City, the jury could give unfair weight to that testimony solely because of Grzesik's status as an expert witness. These risks are magnified by the conclusory opinions Grzesik provides. Ferguson has not shown that Grzesik's opinions will assist the jury and has demonstrated that Grzesik's opinions would confuse the jury.

Finally, Ferguson argues that Grzesik can testify about Ferguson's fall or the costs to the City of Ferguson's requested accommodations, facts which are detailed in his initial report. But these are facts gathered from Ferguson, City employees, and medical doctors who actually saw

7

Ferguson between September 2012 and October 2013. Ferguson cannot use Grzesik testimony to provide hearsay fact testimony to the jury just because he based his opinions on those facts. *Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*, 387 F. Supp. 2d 794, 808 (N.D. Ill. 2005) (An opinion witness cannot "under the guise of giving expert testimony, . . . become the mouthpiece of the witnesses on whose statements or opinions the expert purports to base his opinion").

Grzesik's proposed opinions, provided solely as legal conclusions, usurp the jury's charge, providing another reason to exclude his testimony.

### C. Summary Judgment Opinion

In an attempt to overcome the problems identified by the Court above, Ferguson argues that Grzesik's opinions cannot be barred because the Court relied on them at summary judgment. However, Ferguson misinterprets the Court's summary judgment opinion. At summary judgment, the Court noted that Grzesik's report had not yet been challenged by the City and so was properly before it at that stage. Doc. 89 at 17. Further, the Court's determination that there was a dispute of fact at summary judgment created by Grzesik's report was not a legal conclusion that is binding on the parties at trial. *See Trs. of Indiana Univ. v. Aetna Cas. & Sur. Co.*, 920 F.2d 429, 435 (7th Cir. 1990) ("We could find no case . . . in which the law of the case doctrine has been applied to bind a district court to a factual statement made by the court in the course of denying a summary judgment motion, when subsequent proceedings following directly on that denial bring the factual statement into doubt. And for good reason: so long as the factual issue has not been brought to judgment, the parties should be free in the course of the same proceeding to offer evidence on the issue."), *abrogated on other grounds by Watson v. Amedco Steel, Inc.*, 29 F.3d 274 (7th Cir. 1994); *Old Republic Ins. Co. v. Ness, Motley, Leadholt, Richardson, & Poole, P.A.*, No. 03 C 5238, 2006 WL 3782994, at *12 (N.D. Ill. Dec. 21, 2006)

8

(court's statement in summary judgment motion was "not binding on the jury" because it "related only to the summary judgment motion and was not a conclusion of law"); *Osuji v. City of Chicago*, No. 02 C 4199, 2005 WL 1799277, at *2 (N.D. Ill. July 26, 2005) ("[A]ny determination that the court made at the summary judgment stage as to Glass' participation in the termination decision is not binding on the jury."). The Court's denial of summary judgment on Ferguson's failure to accommodate claim "does not settle or even tentatively decide anything about the merits of the claim. It is strictly a pretrial order that decides only one thing—that the case should go to trial." *Switzerland Cheese Ass'n v. E. Horne's Mkt., Inc.*, 385 U.S. 23, 25, 87 S. Ct. 193, 17 L. Ed. 2d 23 (1966). The Court could have entered an order deeming certain facts established in the case pursuant to Federal Rule of Civil Procedure 56(g). *See* Fed. R. Civ. P. 56(g) ("If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact – including an item of damages or other relief – that is not genuinely in dispute and treating the fact as established in the case."); *CIVIX-DDI, LLC v. Hotels.com, L.P.*, No. 05 C 6869, 2012 WL 6591684, at *9 (N.D. Ill. Dec. 18, 2012) (Rule 56 "does not automatically bind parties to facts established for the purposes of summary judgment, although a court may establish a fact in the case by entering an order"). But the Court did not do so, leaving the City free to raise specific concerns concerning the admissibility of Grzesik's opinions at trial.

**CONCLUSION**

Therefore, the Court grants the City's motion *in limine* number 1 [123] and bars the testimony of Thomas Grzesik at trial.

Dated: June 13, 2016

SARA L. ELLIS